IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | |
| | **)** | 1:13-cr-170-1 |
| MARCUS LEE RICARDO WILSON, | **)** | 1:19-cr-333-1 |
| | **)** | |
| Defendant. | **)** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Lindsey A. Freeman, United States District Judge.

Marcus Lee Ricardo Wilson is a federal inmate serving a total term of imprisonment of 126 months. Before the Court is Mr. Wilson's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(b)(1)(A). Case No. 1:13-cr-170-1, Dkt. 75; Case No. 1:19-cr-333-1, Dkt. 26.[1] The Government has responded, opposing the motion. Dkt. 28. Because Mr. Wilson has not established an extraordinary and compelling reason and because the 18 U.SC. § 3553(a) factors weigh against release, the motion will be denied.

---

[1] Mr. Wilson filed the identical motion for compassionate release in both cases. Unless specified, references in this Memorandum Opinion and Order to documents filed with the Court in CM/ECF refer to documents filed in Case No. 1:19-cr-333-1.

## FACTS AND PROCEDURAL HISTORY

On September 20, 2013, Mr. Wilson pled guilty pursuant to a plea agreement to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Case No. 1:13-cr-170-1, Dkt. 13 at 1.  Mr. Wilson was sentenced to 70 months of imprisonment followed by three years of supervised release.[2]  Case No. 1:13-cr-170-1, Dkts. 13, 39.  Mr. Wilson began his term of supervised release on September 6, 2018, but was arrested just months later on January 9, 2019, after a search of his home produced over 187 grams of marijuana, six pills, 27 grams of crack cocaine, scales and a grinder, a Taurus 9mm handgun with magazine and ammunition, a Taurus .45 handgun with magazine containing ammunition, a Smith & Wesson SD-40 VE handgun with magazine containing ammunition, and over $4,000.  Dkt. 10, ¶ 8.  In an interview with the police, Mr. Wilson said that the Taurus .45 handgun and the cocaine base belonged to him.  *Id.*, ¶ 9.

Mr. Wilson was subsequently charged in Case No. 1:19-cr-333-1 with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and

---

[2] Mr. Wilson was originally sentenced to 74 months in prison and three years of supervised release, but the term of imprisonment was subsequently reduced to 70 months.  Case No. 1:13-cr-170-1, Dkts. 13 at 2; 39 at 1.

924(a)(2).  Dkt. 1.  He pled guilty pursuant to a plea agreement to both counts and was sentenced to 102 months of imprisonment.[3]  Dkts. 5, 12.  Mr. Wilson's probation officer also petitioned for revocation of Mr. Wilson's supervised release in Case No. 1:13-cr-170-1.  Case No. 1:13-cr-170-1, Dkt 43.  After a revocation hearing, the Court ruled that Mr. Wilson had violated the terms and conditions of his release and revoked Mr. Wilson's supervised release.  Case No. 1:13-cr-170-1, Dkt. 62 at 2-3.  The Court sentenced Mr. Wilson to 24 months of imprisonment, the time to run consecutively to his 102-month term in Case No. 1:19-cr-333-1, for a total term of 126 months of imprisonment.  *Id.* at 2.

On November 23, 2020, Mr. Wilson filed his first motion for compassionate release seeking a reduction of sentence based on his increased risk of serious illness or death from COVID-19 due to his various health issues.  Dkt. 15.  The motion was denied by the Court.  Dkt. 20.  On June 27, 2024, Mr. Wilson filed a motion seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive changes lowering the applicable sentencing guideline range, which was also denied.[4]  Dkts. 18, 24.  On January 16, 2026, Mr. Wilson filed the motion for compassionate release presently before the

---

[3] Mr. Wilson was sentenced to 102 months of imprisonment on each count, the sentences to run concurrently.  Dkt. 12 at 2.

[4] The probation office determined Mr. Wilson did not qualify under U.S.S.G. § 1B1.10 because he was in custody on revocation of supervised release, not the original sentence, and because Amendment 821 did not lower his sentencing guideline range.  Dkt. 20.  The Government as well as counsel for Mr. Wilson agreed that Mr. Wilson was ineligible for a reduction under § 3582(c).  Dkts. 21, 23.

3

Court.  *See* Case No. 1:13-cr-170-1, Dkt. 75; Case No. 1:19-cr-333-1, Dkt. 26.  Mr. Wilson argues he should be released because he needs to act as a caregiver for his minor daughter and because of his medical issues.  Dkt. 26.  The Government has responded and opposes the motion.  Dkt. 28.  Mr. Wilson is 39 years old, presently incarcerated at Allenwood FCI, and has a current expected release date May 6, 2028. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/(last visited May 12, 2026).

## ANALYSIS

While the Court is sympathetic to Mr. Wilson's concerns regarding his health and particularly his daughter's care, on the information presented Mr. Wilson fails to demonstrate an extraordinary and compelling reason sufficient to upend the finality of his sentence and justify his early release.  Generally, a court may not modify a term of imprisonment after sentencing. *See United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024). However, a court may modify a sentence in narrow circumstances when expressly permitted by statute. *See*, *e.g.*, 18 U.S.C. § 3582(c).  Relevant here, under 18 U.S.C. § 3582(c)(1)(A) a court may reduce a sentence and grant what is known as compassionate release when: (1) an extraordinary and compelling reason supports a reduction; (2) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors in § 3553(a) weigh in favor of release. *Davis*, 99 F.4th at 654.  The policy statements generally restate the requirements of § 3582(c)(1)(A) but also require that "the defendant is not a danger to the safety of any other

4

person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2). The policy statements also provide guidance regarding what constitutes "extraordinary and compelling reasons," with a list of circumstances that may warrant granting compassionate release.  *See* U.S.S.G. § 1B1.13(b).  A defendant has the burden of establishing the circumstances warranting his release.  *United States v. Perez*, No. 1:18-CR-303-2, 2024 WL 1014161, at *1 (M.D.N.C. Mar. 8, 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022)).  Even once a defendant shows an extraordinary and compelling reason, a court has discretion to deny the motion if consideration of the § 3553(a) factors weigh against relief.  *See United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022).

First, however, the Court must assess whether Mr. Wilson's motion is properly before it.  Under § 3582, a defendant must exhaust administrative remedies before seeking relief from the court.  S*ee* 18 U.S.C. § 3582(c)(1)(A).  Exhaustion is not jurisdictional and is waived unless invoked. *See United States v. Muhammad*, 16 F.4th 126, 129-30 (4th Cir. 2021).  Mr. Wilson filed a request for relief with the Bureau of Prisons ("BOP") in October of 2020.  Dkt. 28-2.  The Government acknowledges Mr. Wilson filed this request for administrative relief and concedes exhaustion.[5]  Dkt. 28 at 5.  Therefore, the Court will proceed to the merits of Mr. Wilson's motion.

---

[5] Mr. Wilson's request for administrative relief with the BOP was filed over five years prior to the instant motion and approximately 40 days before his first motion for

**I.  Mr. Wilson Has Failed to Establish an Extraordinary and Compelling Reason that Supports Compassionate Release**

Section 3582(c)(1)(A) requires (1) the court to find an extraordinary and compelling reason to support a reduction and (2) that any reduction be "consistent with the applicable policy statements issued by the Sentencing Commission."  As the Fourth Circuit has stated, these requirements "are supposed to work together."  *United States v. Burleigh*, 145 F.4th 541, 547 (4th Cir. 2025).  Section 3582(c)(1)(A) does not define an "extraordinary and compelling reason," but the policy statements provide guidance with a list of circumstances that constitute extraordinary and compelling reasons to grant compassionate release.  *See* U.S.S.G. § 1B1.13(b).  Applicable here, the policy statements include certain medical and family circumstances of the defendant as extraordinary and compelling reasons that may support a reduction of sentence.  *See* U.S.S.G. § 1B1.13(b)(1) & (3).  For the reasons discussed below, however, Mr. Wilson cannot meet his burden to demonstrate that either reason constitutes an extraordinary and compelling circumstance warranting early release.  *Perez*, 2024 WL 1014161, at *1.

---

compassionate release.  Dkts. 28-2, 15, 26.  Because the Government concedes exhaustion, Dkt. 28 at 5, any question of whether the administrative request made years earlier satisfies the threshold exhaustion requirement for the present motion is not an issue before the Court.  *See Muhammad*, 16 F.4th at 130 (a claim of exhaustion must be invoked by the Government or is waived).

**A.** **Mr. Wilson cannot establish his family circumstances are an extraordinary and compelling reason for compassionate release.**

Mr. Wilson argues that he should be granted compassionate release because he needs to act as the caregiver for his minor daughter, Nyaziah Wilson, but he fails to demonstrate a reduction should be granted for this purpose. The presentence investigation report confirms that Mr. Wilson has a daughter, Nyaziah Wilson, who in 2019 resided with her mother Rondell Nelson in Rockingham, NC. Dkt. 10, ¶ 54. Based on that information, Ms. Wilson would be approximately 16 years old at this time. Mr. Wilson states that Ms. Wilson's mother passed away in December of 2025, and he is now her only legal guardian. Dkt. 26. Mr. Wilson asserts that he needs to be present because his daughter is "lacking support" and "suffering trauma." *Id.*

The Sentencing Commission policy statement recognizes the care of a child may be an extraordinary and compelling circumstance supporting a reduction of sentence in the case of:

> The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

U.S.S.G. § 1B1.13(b)(3)(A).

Mr. Wilson is unable to establish an extraordinary and compelling reason for a reduction of sentence on this basis. First, as the Government argues, Dkt. 28 at 8-9, Mr. Wilson has not provided adequate information to support his claim. Mr. Wilson makes

7

broad statements that his daughter is fending for herself and soon will not have a place to live but does not provide any details about her circumstances or evidence to support his claim. *See* Dkt. 26. Mr. Wilson has not explained where Ms. Wilson has been staying or who has been caring for her since her mother's death. In fact, the Court only has Mr. Wilson's assertion that Ms. Wilson's mother died and that Ms. Wilson was being cared for by her mother at the time of the death. Mr. Wilson has not presented anything to substantiate these claims.[6]

Nor has Mr. Wilson shown that Ms. Wilson needs him to be her caregiver. The Sentencing Commission policy statement addressing the care of a minor child does not specify a defendant must be the "only available caregiver" as it does in other parts of the policy statement. *Cf.* U.S.S.G. § 1B1.13(b)(3)(B)-(D). However, when addressing such claims, courts, including other judges in this district, have generally considered whether another caregiver is available. *See*, *e.g.*, *United States v. Holman*, No. 12-cr-72, 2025 WL 3496564, * 2 (M.D.N.C. Dec. 5, 2025) (collecting cases); *United States v. Cates*, No. 20-cr-223, 2023 WL 167409, at *3-4 (M.D.N.C. Jan. 12, 2023) (collecting cases). Mr. Wilson has not

---

[6] The Court has located a December 2025 obituary for a Rondell Nelson in Rockingham, NC. *See* https://richmondobserver.com/stories/obituary-rondell-shellette-nelson,77146 (last visited June 3, 2026). However, the obituary only generally refers to family and does not list specific surviving family members. While it is likely this is Ms. Wilson's mother, it is not possible to affirm that fact on the information before the Court.

8

addressed the availability of any other family members or explained why another family member cannot act as caregiver, particularly if one is already doing so.

Further, there is nothing to advise that Mr. Wilson would be a suitable caregiver and therefore should have his sentence reduced for that purpose. Mr. Wilson has been incarcerated for large periods of his daughter's life, and his criminal history shows constant involvement with drugs and guns. *See* Dkt. 10, ¶¶ 30-41. When arrested for the current offense, Mr. Wilson had illegal narcotics, paraphernalia associated with drug trafficking, and loaded weapons throughout his home. Mr. Wilson has been in and out of custody since around the time his daughter was born, *see id.*, ¶¶ 37-41, and except for a brief four-month period he has been incarcerated since she was four years old. *Id.* There is no indication Mr. Wilson has ever parented his daughter or evidence showing whether they have maintained contact while he has been incarcerated. Consequently, on the information before the Court Mr. Wilson has failed to establish an extraordinary and compelling reason for release based on the need to act as a caregiver for his daughter.

**B.** **Mr. Wilson cannot establish that his medical circumstances are an extraordinary and compelling reason for compassionate release.**

Mr. Wilson also argues that he should be granted compassionate release because of his medical issues, Dkt. 26, but Mr. Wilson is unable to establish an extraordinary and compelling reason for a reduction of sentence on this basis. Mr. Wilson states that he suffers "from health issues that include [T]ype 2 Diabetes that [r]equires me to [h]ave to

9

take insulin 3 times a day." Dkt. 26. He lists various medicines and supplements he takes for his medical issues, specifically, aspirin, magnesium oxide, Empagliflozin, Vitamin D, and potassium. *Id.* However, Mr. Wilson does not explain why he believes these circumstances are grounds for compassionate release.

The Sentencing Commission policy statements provide that medical circumstances may amount to an extraordinary and compelling reason for a reduction if:

> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>>
>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)-(C).[7] Mr. Wilson has not demonstrated that any of these circumstances apply to him.

---

[7] The policy statements also recognize an extraordinary and compelling reason when a defendant is suffering from a terminal illness or when the defendant is housed in a correctional facility affected by a public health emergency or outbreak of infectious disease. *See* U.S.S.G. 1B1.13(b)(1)(A) & (D). Mr. Wilson has not claimed, nor do the facts support, that either of these circumstances are applicable in his case.

Mr. Wilson refers to his diabetes but does not indicate the condition limits his ability to provide self-care or that he requires specialized treatment he cannot receive in BOP custody. The medical records indicate his health is being monitored and he is receiving regular and appropriate treatment. *See generally* Dkt. 29. He has been prescribed insulin and Empagliflozin for his diabetes.[8] *Id.* at 8. The records show Mr. Wilson is only 60 percent compliant with the prescribed medicine, but he nonetheless may be able to discontinue insulin in the future if the oral medication provides adequate control. *Id.* at 6. Mr. Wilson does not otherwise identify any particular health complaints, claim that his health is declining, or claim that he is unable to provide self-care within the prison environment.[9] Accordingly, Mr. Wilson has failed to establish his medical circumstances are an extraordinary and compelling reason to reduce his sentence.

## II. The Section 3553(a) Factors Weigh Against Granting a Reduction of Sentence

As Mr. Wilson fails to establish an extraordinary and compelling reason that will support compassionate release, the Court does not need to consider whether the § 3553(a) sentencing factors weigh in favor of a reduction. *See United States v. Hargrove*, 30 F.4th

---

[8] Empagliflozin is used to treat Type 2 diabetes. *See* https://www.mayoclinic.org/drugs-supplements/empagliflozin-oral-route/description/drg-20113010 (last visited June 3, 2026).

[9] Mr. Wilson's medical records show that he suffers from several other chronic health conditions such as hyperlipidemia, tachycardia, and gastroesophageal reflux disease but the records also indicate these conditions are monitored and treated by BOP health personnel. Dkt. 29 at 6-9.

11

189, 194-95 (4th Cir. 2022) (a court may find a defendant eligible for compassionate release only after finding that such a reduction is warranted by extraordinary and compelling reasons). However, even if Mr. Wilson had shown an extraordinary and compelling reason, the § 3553(a) factors weigh against granting relief in this case.

Section 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. Section 3553(a) directs the Court to weigh factors including the nature of the offense, defendant's history, the need for a sentence to impose just punishment, the need to promote respect for the law, the need to protect the public and deter crime, and the need to provide a defendant with rehabilitative training or treatment. A court may also consider post-sentencing facts in the record such as evidence of behavior or rehabilitation while incarcerated. *See United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019).

In making his motion, Mr. Wilson notes he has enrolled in many BOP programs and continues to work on his rehabilitation. Dkt. 26. He states he is participating in the Residential Drug Abuse Program ("RDAP") and trying to make better choices and surround himself with the right types of people. *Id.* The Court recognizes that Mr. Wilson has taken some positive steps towards rehabilitation while incarcerated. The records show he is working towards his GED and has taken over fifty BOP courses, including programs on behavior modification and problem solving, as well as courses such as forklift certification which may help him find employment upon release. Dkt. 28-3 at 1-

12

2.  While Mr. Wilson has received three disciplinary infractions while incarcerated, he has not received any infractions in the last three years.  *See* Dkt. 28-4.

Nonetheless, consideration of the § 3553(a) factors overall weighs against a reduction of sentence.  Mr. Wilson's efforts towards rehabilitation are encouraging, but taking classes and working to improve oneself is expected of an inmate, not evidence of extraordinary behavior.  *See United States v. Mitchell*, Case No. 1:21-cr-72, 2025 WL 674347, at * 3 (M.D.N.C. March 3, 2025) (citing *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021)).  This evidence of rehabilitation cannot overcome other factors.

First, the circumstances of the offense weigh against a reduction.  *See* 18 U.S.C. § 3553(a)(1).  Mr. Wilson, only months into his period of supervised release for prior convictions involving drugs and illegal possession of weapons, was arrested after the police searched his home and found numerous loaded weapons, drugs, scales and a grinder, and over $4,000.  Dkt. 10, ¶¶ 5-8.  These circumstances show a repeated and blatant disregard for the law, and his propensity to rely on weapons in furtherance of his drug crimes presents a danger to the public.  *See* 18 U.S.C. § 3553(a)(2).

Second, Mr. Wilson's criminal history also weighs decidedly against a reduction. *See* 18 U.S.C. § 3553(a)(1).  Mr. Wilson has a lengthy criminal history, beginning in his late teens, which includes multiple prior felony convictions for drug and gun crimes.  Dkt. 10, ¶¶ 30-41.  Most concerning, his history shows a record of poor performance on probation and that periods of incarceration and supervision have done little to curb additional

13

criminal behavior.  In fact, despite receiving a 70-month term of imprisonment for his prior federal convictions, Mr. Wilson re-offended almost immediately once released.  *Id.*, ¶ 41.  This history signals a substantial risk of recidivism.  *See* 18 U.S.C. § 3553(a)(2); *United States v. Gardner*, No. 23-6450, 2023 WL 4839592, at *1 (4th Cir. 2023) (unpublished) (affirming district court's denial of a *pro se* compassionate release motion after considering "recidivism risk" and other factors).

Accordingly, the § 3553(a) factors weigh against a reduction of sentence.  A reduced sentence would not reflect the seriousness of Mr. Wilson's behavior, promote respect for the law, provide adequate deterrence, or protect the public.  *See* 18 U.S.C. § 3553(a).  The Court concludes Mr. Wilson's current sentence is "sufficient, but not greater than necessary" and nothing presented by Mr. Wilson shows the type of extraordinary circumstances required to upend his final sentence and grant compassionate release.

## CONCLUSION

For the foregoing reasons, Mr. Wilson's motion for compassionate release pursuant to 18 U.S.C. § 3582(b)(1)(A), Case No. 1:13-cr-170-1, Dkt. 75; Case No. 1:19-cr-333-1, Dkt. 26, is **DENIED.**

IT IS SO ORDERED.

This the 16th day of June, 2026.

_____
LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

14